UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS-6

| Case No. | CV 10-4333 DSF (JEMx) | Date | 6/30/10 |
|---|---|---|---|
| Title | American International Insurance Company of California v. Kohler Company, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (In Chambers) Order REMANDING Action to the Superior Court of California, County of Santa Barbara for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could have exercised subject matter jurisdiction over the original suit. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet this burden, the suit must be remanded. 28 U.S.C. § 1447(c).

Here, Defendant Kohler Company removed this case and argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, also known as diversity jurisdiction. (Docket No. 1 ("Notice of Removal").) Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

Defendant did not meet its burden of establishing that there is complete diversity of citizenship. Corporations are citizens not only of their states of incorporation, but also their principal places of business. 28 U.S.C. § 1332(c). Although Plaintiff's Complaint alleges it is incorporated in California, it does not make any allegations regarding its principal place of business. (Compl. at 1.) Defendant also does not make any allegations about Plaintiff's principal place of business; it simply asserts that Plaintiff is a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS-6

California.  (Notice of Removal at 2.)  Without allegations about Plaintiff's principal place of business, let alone evidence on the issue, the Court cannot determine whether complete diversity exists.  For this reason, the Court REMANDS the action to the Superior Court of California, County of Santa Barbara.

   IT IS SO ORDERED.